# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | § | |
| | § | |
| **WI-LAN INC.,** | § | |
| | § | **C.A. No. 15-cv-788-LPS-CJB** |
| **Plaintiff,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **VIZIO, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO VIZIO

---

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Court's Joint Scheduling Order, and the Local Rules of Civil Practice and Procedure of the United States Court for the District of Delaware, Plaintiff Wi-LAN Inc. ("PLAINTIFF" or "WILAN"), hereby serves DEFENDANT, with these First Set of Interrogatories ("Interrogatories") and hereby requests that DEFENDANT answer the following Interrogatories fully in writing under oath, unless it is objected to, in which event DEFENDANT shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. The answers and objections, if any, shall be served within 30 days after service of these Interrogatories.

## DEFINITIONS

1.       "**VIZIO**" or "**DEFENDANT**" or "**YOU**" or "**YOUR**" means Vizio, Inc., and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys, or other persons or entities acting on its behalf.

2.       "**COMPLAINT**" means the complaint filed by Plaintiff in this case, and any amendments or supplements thereto.

3.       The term "**'654 PATENT**" means U.S. Patent No. 6,359,654.

4.       The term "**'774 PATENT**" means U.S. Patent No. 5,847,774.

5.       The term "**'250 PATENT**" means U.S. Patent No. 6,490,250.

6.       The term "**PATENTS-IN-SUIT**" collectively refers to the '654 PATENT, '774 PATENT, and '250 PATENT.

7.       The term "**VIDEO BOARD**" means any circuit board containing video signal processing circuitry including, but not limited to, the Main Unit/Input/Signal Board.

8.       The term "**VIDEO PROCESSOR**" means any system-on-chip (SOC) or signal processor circuitry containing video signal processing including, but not limited to, video scaling, formatting, buffering, coding or decoding.

9.       The term "**NETFLIX"** means Netflix Inc., Netflix Streaming Services, Inc. and any of their owners, affiliates, and subsidiaries.

10.      The term "**HULU**" means Hulu, LLC. and any of its owners, affiliates, and subsidiaries.

11.      The term "**ACCUSED PRODUCTS**" means (1) all of **YOUR** products including, but not limited to, digital televisions accused of infringing any of the **PATENTS-IN-SUIT** in the **COMPLAINT** (and all supplements and amendments thereto); (2) all of **YOUR** products,

including but not limited to digital televisions identified in any iteration of Plaintiff's infringement contentions and/or Plaintiff's identification of asserted patents and accused products; and (3) all of **YOUR** products that include video sharpening, video de-interlacing, or adaptive streaming. The **ACCUSED PRODUCTS** in these Requests are limited to those that have been made, used, sold, offered for sale, or imported in or into the United States since 2010.

12.     The terms "**DOCUMENT**" and/or "**THING**" are synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) (and as construed under the applicable case law) and shall be construed to mean, at least, but without limitation any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether asserted to be privileged or not. "DOCUMENT" specifically includes all forms of electronic data in accordance with the Court's Default Standard for Discovery Including Discovery of Electronically Stored Data (ESI). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. As used herein, "THING" also means any tangible item(s), other than a "DOCUMENT" as defined herein, which constitute or contain matters within the scope of Fed. R. Civ. P. 26(b).

13.     **The terms "LITIGATION or CASE"** mean the civil action in the caption above, including, but not limited to, the cases as consolidated for discovery, as well as the individual case.

14.     **"IDENTIFY"** and **"IDENTIFICATION"** mean to locate, search, or discover the IDENTITY of document, thing natural person, an entity other than a natural person, or an oral communication.

15.     **"IDENTITY,"** when applicable to a <u>document</u>, means at least the following information:

    a.  the date appearing on the document (or, if none exists, the approximate date that the document was prepared);

    b.  the descriptive code number, file number, document number, title, and/or label of the document;

    c.  a description of the general nature of the document;

    d.  the number of pages of the document;

    e.  the name of the author of the document;

    f.  the name of each person who contributed to the preparation of the document;

    g.  the name of each person to whom the document was addressed;

    h.  the name of each person having possession, custody, or control of the document; and

    i.  whether or not any draft, copy, or reproduction of such document contains any postscript, notation, change, or addendum not appearing on the original of the document, and if so, an identification of each such draft, copy, or reproduction.

16.     **"IDENTITY,"** when applicable to a <u>natural person</u> means at least the following information:

    a.  the person's full name;

    b.  any nickname or alias;

    c.  the person's last known residential address;

    d.  the name and address of the person's last known employer; and

  e. the person's last known position or title of employment.

17. **"IDENTITY,"** when applicable to <u>an entity other than a natural person</u> means at least the following information:

  a. the entity's full name;

  b. the last known address of the entity's principal place of business;

  c. the type of entity (*i.e.*, corporation, partnership, or other legal entity); and

  d. each state, commonwealth, or territory of the United States, or other governmental body in which it is registered to do business.

18. **"IDENTITY,"** when applicable to <u>an oral communication</u>, means at least the following information:

  a. the date and time of the communication;

  b. the place of the communication;

  c. the manner of the communication;

  d. the substance of the communication;

  e. the names of all persons who participated in, listened to, or had access to transcripts or summaries of the communication; and

  f. the identity of all documents that memorialize, commemorate, summarize, record, refer to, or evidence the communication, in whole or in part.

19. **"DESCRIBE"** means to provide a detailed account in words of the referenced subject, including all the relevant facts, characteristics, qualities, and events.

## INSTRUCTIONS:

In addition to the Federal Rules of Civil Procedure, governing law, and the applicable Local Rules of Civil Practice and Procedure of the United States Court for the District of Delaware, please respond in accordance with the following instructions:

1.      Separate and complete responses are required for each interrogatory.

2.      Each interrogatory is continuing in nature. **DEFENDANT** is reminded of its obligation for timely supplementation pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

3.      If **DEFENDANT** objects to any interrogatory or any portion of any interrogatory on the ground that it calls for information protected by privilege or work product, provide a response with any and all unprotected information available including all non-privileged information, and state the following information for each such interrogatory:

1. a description of the information withheld;

2. the specific ground(s) upon which the claim of privilege or work product rests;

3. the name of each person with knowledge of the information, including each such person's position, the entity with which each such person is currently employed or associated, and whether such person is an attorney; and

4. sufficient information about the withheld information to permit Plaintiff and the Court to evaluate the claim of privilege.

4.      If **DEFENDANT** objects to any portion of any interrogatory, respond fully to the portions to which your objection does not apply. In addition,

1. If **DEFENDANT** objects to an interrogatory on the ground that it is too broad, **DEFENDANT** should respond to the interrogatory by providing all information that is relevant or reasonably calculated to the discovery of admissible evidence and identify all categories of information being withheld on the grounds of over-breadth;

---

2. If **DEFENDANT** objects to an interrogatory on the ground that to respond would constitute an undue burden, respond as fully as possible without undertaking an undue burden;

3. If **DEFENDANT** objects to any portion of an interrogatory on the ground that it is vague or indefinite, then set forth your understanding of the allegedly vague or indefinite term and answer the interrogatory based upon that stated understanding.

5.      If **DEFENDANT** is unable to answer any of the following interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state. In addition, answer each such interrogatory to the fullest extent possible, specifying your knowledge and your inability to answer the remainder, and provide any information you may have related to the unanswered portions of the interrogatory.

6.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the interrogatory most broad. "Any" and "all" shall each be construed to mean "any and all," so as to give each interrogatory the broadest meaning possible. As used in the interrogatories, the present tense shall also include the past tense, so as to give each interrogatory the broadest meaning possible. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive. "Each" shall be construed to include and encompass "all." "Including" shall be construed to mean including without limitation. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case is most appropriate to make each interrogatory inclusive rather than exclusive. All other words and phrases are to be given their ordinary meaning consistent with the Federal Rule of Civil Procedure and shall not be unduly or restrictively construed so as to avoid responding to the fair scope of the interrogatories.

7.      None of the definitions or interrogatories in this document shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any

evidence, or to the truth or accuracy of any statement or characterization in the definition or interrogatory.

8.      Unless otherwise noted, the relevant timeframe for these interrogatories is six (6) years prior to the filing of the **COMPLAINT** in this **CASE**.

## INTERROGATORIES:

## INTERROGATORY NO. 1:

**DESCRIBE** all facts supporting each affirmative defense and counterclaim to the Complaint, **IDENTIFY** all documents supporting each affirmative defense and counterclaim, and **IDENTIFY** all persons with knowledge of each of the affirmative defenses and counterclaims that **YOU** have plead.

## INTERROGATORY NO. 2:

**DESCRIBE** and **IDENTIFY** all patent licenses, covenants-not-to-sue, or other agreements concerning patents or intellectual property (collectively, "**AGREEMENTS**") to which **YOU** are a party that relate to the subject matter of the **PATENTS-IN-SUIT**, the subject matter of the **ACCUSED PRODUCTS** or products or technologies that are reasonably similar to the **ACCUSED PRODUCTS** and **IDENTIFY** all persons with knowledge of such **AGREEMENTS**.

## INTERROGATORY NO. 3:

State and **DESCRIBE** all facts supporting **YOUR** contention that the **ACCUSED PRODUCTS** do not infringe each of the asserted claims, on an element-by-element, and claim-by-claim basis, of the **PATENTS-IN-SUIT**.

**INTERROGATORY NO. 4:**

For each **ACCUSED PRODUCT**, **IDENTIFY** each entity (and **IDENTIFY** all persons with knowledge) that (a) imports the **ACCUSED PRODUCTS** into the United States; (b) sells the **ACCUSED PRODUCTS** within the United States; (c), offers to sell the **ACCUSED PRODUCTS** within the United States; (d) tests the **ACCUSED PRODUCTS** within the United States; and (5) installs, connects, repairs, consults, maintains, and/or advises customers in connection with the **ACCUSED PRODUCTS**.

**INTERROGATORY NO. 5:**

State and **DESCRIBE** all facts and information (and **IDENTIFY** all persons with knowledge) related to the projected and/or forecasted costs, revenues, profits, and market share associated with the **ACCUSED PRODUCTS**.

**INTERROGATORY NO. 6:**

State and **DESCRIBE** all facts and information related to surveys, evaluations, investigations, assessments, and/or analysis related to customer preferences and/or drivers of commercial success related to the **ACCUSED PRODUCTS**. Related thereto, please **IDENTIFY** all persons with knowledge.

**INTERROGATORY NO. 7:**

For each **ACCUSED PRODUCT**, state and **DESCRIBE** in detail on a monthly, quarterly and yearly basis, all sales, revenues, income, profits, and the associated market share for the **ACCUSED PRODUCTS** realized from the sale within the United States of such device and costs attributable to such device. **YOUR** answer should include, but not be limited to, (a) the number of units sold, (b) the average sale price, (c) the gross revenue (dollars) generated, (d) the costs of (or directly associated with) the goods sold, (e) the production cost, (f) the gross profit

margin, (g) the net profit margin; and (h) market share for the **ACCUSED PRODUCTS** vs. competitors' offerings.

**INTERROGATORY NO. 8:**

State and **DESCRIBE** all alleged non-infringing alternatives/substitutes and/or allegedly acceptable non-infringing alternatives/substitutes available to **YOU** during the relevant timeframe, including, but not limited to, (a) the non-infringing alternative/substitute; (b) why such non-infringing alternative/substitute was acceptable (including, but not limited to, acceptability to **YOU** and **YOUR** customers); (c) the costs associated with such non-infringing alternative/substitute; (d) the availability of such non-infringing alternative/substitute (including where it was available and when it was available); and (5) all persons with knowledge of such non-infringing alternative/substitute.

Dated:  April 29, 2016                                   Respectfully submitted,

                                                          **FARNAN LLP**

                                                          */s/ Brian E. Farnan*
                                                          Brian E. Farnan (Bar No. 4089)
                                                          Michael J. Farnan (Bar No. 5165)
                                                          919 North Market Street, 12th Floor
                                                          Wilmington, Delaware 19801
                                                          302-777-0300 Telephone
                                                          302-777-0301 Facsimile
                                                          bfarnan@farnanlaw.com
                                                          mfarnan@farnanlaw.com

                                                          Monte M. Bond (*pro hac vice*)
                                                          Jeffrey R. Bragalone (*pro hac vice*)
                                                          Patrick J. Conroy (*pro hac vice*)
                                                          Terry Saad. (*pro hac vice*)
                                                          **BRAGALONE CONROY P.C.**
                                                          Chase Tower,
                                                          2200 Ross Ave., Suite 4500W
                                                          Dallas, Texas 75201
                                                          214-785-6670 Telephone
                                                          214-785-6680 Facsimile
                                                          mbond@bcpc-law.com
                                                          jbragalone@bcpc-law.com
                                                          pconroy@bcpc-law.com
                                                          tsaad@bcpc-law.com

                                                          Attorneys for Plaintiff
                                                          **Wi-LAN, INC.**

**CERTIFICATE OF SERVICE**

I, Brian E. Farnan, hereby certify that on April 29, 2016, a copy of Plaintiff's First Set of

Interrogatories to Vizio was served on the following as indicated:

Via Hand Delivery and E-Mail
Pilar G. Kraman
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
1000 North King Street
Rodney Square
Wilmington, DE 19801
pkraman@ycst.com

*Counsel for Defendant VIZIO, Inc.*

Via E-Mail
Adrian M. Pruetz
Charles C. Koole
Dan Liu
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
apruetz@glaserweil.com
ckoole@glaserweil.com
dliu@glaserweil.com

*Counsel for Defendant VIZIO, Inc.*

 /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)

# EXHIBIT B

# REDACTED IN ITS ENTIRETY

# EXHIBIT C

# REDACTED IN ITS ENTIRETY

# EXHIBIT D

# REDACTED IN ITS ENTIRETY