# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WI-LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> VIZIO, INC., <br><br> Defendant. | C.A. No. 15-788-LPS-CJB <br><br> REDACTED -- PUBLIC VERSION |

## RESPONSIVE LETTER TO THE HONORABLE LEONARD P. STARK FROM PILAR G. KRAMAN REGARDING INTERROGATORY DISPUTE

Dated: April 11, 2018

                                                  Pilar G. Kraman (# 5199)
                                                  YOUNG CONAWAY STARGATT
                                                  & TAYLOR, LLP
                                                  Rodney Square
                                                  1000 N. King St.
                                                  Wilmington, DE 19801
                                                  (302) 571-6600
                                                  pkraman@ycst.com

                                                  *Counsel for Defendant VIZIO, Inc.*



**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

Pilar G. Kraman
P 302.576.3586
F 302.576.3742
pkraman@ycst.com

**BY CM/ECF AND HAND DELIVERY**                                April 11, 2018

The Honorable Leonard P. Stark
United States District Court                    REDACTED -- PUBLIC VERSION
844 N. King Street
Wilmington, DE 19801-3555

Re:     *Wi-LAN Inc. v. VIZIO, Inc.*, C.A. No. 15-788-LPS-CJB

Dear Chief Judge Stark:

      In one fell swoop, Wi-LAN's single Interrogatory No. 1 seeks to uncover the entire factual bases for each of VIZIO's eleven affirmative defenses, in addition to an identification of all supporting documents and identification of all persons with relevant information evidencing those defenses. This is not only unusual, but improper. Courts across the country have long and routinely found such an "interrogatory" to constitute multiple interrogatories disguised as one, and thus an attempt to enlarge and circumvent interrogatory limits. *See, e.g.*, *White v. Cinemark USA, Inc.*, 2005 WL 3881568, at *3 (E.D. Cal. Mar. 28, 2005) (single interrogatory asking about each of numerous affirmative defenses found to constitute multiple, separate interrogatories); *AngioScore, Inc. v. TriReme Medical, Inc.*, 2014 WL 7188779, at *6 (N.D. Cal. Dec. 16, 2014) (same); *Bujnicki v. Am. Paving and Excavating, Inc.*, 2004 WL 1071736, at *8–9 (W.D.N.Y. Feb. 25, 2004) (same); *Farmers Ins. Exch. v. West*, 2012 WL 12894845, at *8 (D. Minn. Sept. 21, 2012) (same); *Bell v. Woodward Governor Co.*, 2005 WL 3829134, at *2 (N.D. Ill. June 30, 2005) (same); *Hoxie v. Livingston County*, 2010 WL 2898285, at *6 (E.D. Mich. July 14, 2010) (same). This Court's case law on the acceptable use of interrogatory subparts is consistent with the above rule adopted by other jurisdictions in the context of affirmative defenses. *See, e.g.*, *Medigus Ltd. v. Endochoice, Inc.*, 2016 WL 5791409, at *1 (D. Del. July 19, 2016) ("Subparts are treated as part of a single interrogatory where they are logically or factually subsumed within and necessarily related to the primary question.") (citations, quotations omitted).

      Interrogatory No. 1 makes three separate inquiries into each of VIZIO's affirmative defenses. Moreover, since this case involves two patents, those inquires often get doubled to apply to both patents. For example, VIZIO asserts invalidity and noninfringement as its second and third affirmative defenses. But these are not "necessarily related" concepts. *Commil USA, LLC v. Cisco Sys., Inc.*, 737 F.3d 699, 701 (Fed. Cir. 2013) ("[I]nfringement and invalidity are separate issues under the patent code and our precedent."). The issues regarding invalidity and noninfringement will also differ significantly for each asserted patent, which creates multiple discrete subparts within the subparts for each affirmative defense. *See Audatex North America Inc. v. Mitchell International, Inc.*, 2015 WL 11237459, at *2 (S.D. Cal. Mar. 20, 2015) ("Courts have found that interrogatories in patent cases that request facts related to separate patents or separate accused products, seek information concerning distinct subparts, and thus should be counted as separate interrogatories.").

Page 2

Wi-LAN does not explain how its interrogatory subparts could conceivably be "logically or factually subsumed" and "necessarily related" to each other, as is its burden. Indeed, it is clear that certain subparts cannot be so subsumed or related under controlling precedents, and VIZIO was justified in treating Interrogatory No. 1 as separate interrogatories.

*Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*, 315 F.R.D. 191 (E.D. Tex. 2016), on which Wi-LAN relies, is neither binding nor does it alter this conclusion. There, the challenged interrogatory deemed to be a single interrogatory posed a primary question that asked about one specific issue, followed by subparts that were logically and factually subsumed within that issue. *Id.* at 199-200. By contrast, Interrogatory No. 1 poses a primary question that purports to encompass multiple, unrelated concepts. Interrogatory No. 1 more closely parallels those found to be multiple interrogatories in *Erfindergemeinschaft*. *Id.* at 198-199. Further, courts have distinguished interrogatories seeking information of affirmative defenses on the basis that such defenses "could contain many different unrelated concepts[.]" *Engage Healthcare Commun's, LLC v. Intellisphere, LLC*, 2017 WL 2371834, at *6 (D.N.J. Feb. 10, 2017). And the purpose of Rule 33 is indeed threatened where, as here, a party attempts to combine different lines of inquiry that should be kept separate. *Erfindergemeinschaft*, 315 F.R.D. at 196.

Wi-LAN further argues that Interrogatory 1 should count as one interrogatory as a matter of "pragmatism" because "many" of VIZIO's affirmative defenses purportedly cannot be investigated through other discovery means. Wi-LAN's premise is flawed as affirmative defenses can be investigated through other means, such as depositions, infringement and invalidity contentions, etc.[1] *See, e.g.*, *Kennedy Funding, Inc. v. Ruggers Aquisition*, 2007 WL 4117269, at *1 n 5 (D.N.J. Nov. 15, 2007) ("Other affirmative defenses are better probed at deposition."). And Wi-LAN has not satisfied its burden of establishing which subjects can only be pursued through interrogatories. Wi-LAN's position is also wrong as practical matter. Wi-LAN could have been more selective with its use of interrogatories, but elected to take a shotgun approach to discovery. Wi-LAN should not be rewarded for its recklessness. Wi-LAN also had four additional VIZIO specific interrogatories and ten common interrogatories at its disposal, which it could have used to investigate matters that can "only" be investigated through interrogatories.

Wi-LAN's own views on pragmatism should not trump the case law or this Court's rules. And, *C & N Corp. v. Kane*, 2013 WL 74336 (E.D. Wi. Jan. 7, 2013), the case relied upon by Wi-LAN for "pragmatism," is unhelpful. There, the court found the use of one interrogatory seeking the bases for twenty-seven affirmative defenses "particularly appropriate" because the number of defenses indicated that "the defendant [had] thrown in every affirmative defense but the proverbial kitchen sink." *Id.* at *3. That is not the case here. VIZIO only raised carefully tailored defenses to respond to Wi-LAN's claims. Wi-LAN urges that VIZIO, like the responding party in *C & N Corp.*, pled "almost every affirmative defense." This is plainly incorrect. If anything, the disparity between the number of defenses here and in C & N Corp. – eleven versus twenty-seven – shows that VIZIO has not taken the kitchen sink approach here.

Wi-LAN also argues that Interrogatory No. 1 was proper because it allowed Wi-LAN to quickly determine which defenses may have merit, and which are "mere place-holders." But this is a task that every party must confront in litigation – determining which claims and defenses have merit

---

[1] This issue about the inability to investigate affirmative defenses is a red herring. VIZIO provided a full substantive response to Interrogatory No. 1, including all of its subparts.

Page 3

and which do not. The purpose behind interrogatory limits would be negated if parties were permitted to use a single interrogatory to undertake the task of weeding out all claims or defenses, as Wi-LAN effectively urges. And Wi-LAN has not shown that it needed to draft an interrogatory including multiple discrete subparts to do this.

Wi-LAN's necessity and prejudice arguments also lack merit given its lack of diligence and record of delay in pursuing discovery. Importantly, Wi-LAN has known about these supposed issues for the better part of *two years*. In fact, VIZIO served its interrogatory responses, including the objections at issue here, on June 21, 2016. *See* Ex. A to Wi-LAN's brief. The parties met and conferred a few months later about the sufficiency of the responses – with VIZIO reiterating its position on the subpart issue. *See, e.g.*, Ex. A. If Wi-LAN truly believed its remaining interrogatories were in any way critical to its case, Wi-LAN would have (or should have) taken appropriate measures over a year ago. But Wi-LAN sat back and did nothing. Wi-LAN's lack of diligence proves that the discovery sought here is neither essential nor necessary. *See, e.g.*, *Northrop Grumman Corp. v. Factory Mut. Ins. Co.*, 2012 WL 12875772, at *6 (C.D. Cal. Aug. 29, 2012) ("If the requested ESI were truly essential to the Time Element claim, it is unlikely that defendant would have waited until this late in Phase II discovery to seek to obtain the documents. In other words, the delay itself appears to indicate that the requested emails are of only marginal relevance to defendant in this action."). Further, that discovery remains open does not absolve Wi-LAN of its burden to timely raise the issue. Wi-LAN cannot lie behind the log for as long as it has and now claim such discovery is essential. To grant Wi-LAN's motion now, on the doorstep of the discovery cutoff date, would essentially reward Wi-LAN's dilatory conduct. This should not be permitted. Leave to serve additional interrogatories is likewise inappropriate. Aside from invoking the Court's inherent power, Wi-LAN has not provided any basis to deviate from the limit set forth in the Court's scheduling order. D.I. 21 at 5. Nor has Wi-LAN provided a reason for its delay in requesting additional interrogatories. And it does not offer any details about these other interrogatories (*i.e.*, "9-15") that it proposes to serve, as required by Local Rule 37.1.

With respect to the Hulu Agreement, Hulu has objected to disclosure of its confidential information, and VIZIO has an obligation not to disclose Hulu's confidential information to any third parties without prior written consent per the agreement.[2] *See* Ex. D to Wi-LAN's Brief, at 10-11. Moreover, Wi-LAN has not demonstrated the redacted information is relevant or that it has a legitimate need to the information. Wi-LAN simply argues, in conclusory fashion, that because the '250 Patent allegedly relates to functionality performed by applications from third parties like Hulu, the "monies" exchanged between VIZIO and all such third parties would be relevant to a generic assertion of "damages." This hardly suffices to show relevance, much less the level of relevance needed to outweigh confidentiality concerns and third-party privacy interests – particularly when Wi-LAN has not shown that the redacted information informs its specific theory of damages. Given the circumstances, and given Hulu's strong objection to the requested disclosure of information completely irrelevant to this case, Wi-LAN's request for unredacted versions of the Hulu agreements should be denied.

---

[2] VIZIO understands that Hulu's objections and countervailing interests are of such concern to Hulu that Hulu intends to file its own letter brief on this issue.

Case 1:15-cv-00788-LPS   Document 207   Filed 04/17/18   Page 5 of 10 PageID #: 5575

Page 4

Respectfully submitted,

*/s/ Pilar G. Kraman*

Pilar G. Kraman (No. 5199)

cc: Counsel of Record (by CM/ECF and email)
    Clerk of the Court (By Hand)

# **Exhibit A**

| | |
|---|---|
| **From:** | James Perkins |
| **To:** | Charles Koole |
| **Cc:** | Terry Saad; Patrick Conroy; Pilar Kraman |
| **Subject:** | RE: WiLAN v. VIZIO |
| **Date:** | Thursday, January 12, 2017 7:45:17 AM |

Charles:

Obviously not all courts agree with your approach to counting interrogatories, as you are surely aware. *See, e.g., Jacks v. Directsat USA, LLC,* No. 10 C 1707, 2011 WL 382858, at *2 (N.D. Ill. Feb. 1, 2011). I assume, based on your response, that you have no authority from this Court or this District to support your approach.

As for supplementing VIZIO's interrogatory responses, we need a response sooner than the 27th. The interrogatories and RFPs were both served last April. There is no reason for further delay. Please supplement by January 20th at the latest. Also, our request for supplementation is not limited to Interrogatory No. 3. VIZIO's responses to both specific and common interrogatories are deficient, and we need an across the board supplementation. We pointed out many of these on our discovery call in October, and we understood that VIZIO would be supplementing shortly thereafter, but that has not happened.

As for documents, we look forward to VIZIO's upcoming production. We would point out that VIZIO has not produced any documents since September, so WiLAN expects this production to be comprehensive and to fully address the deficiencies raised since VIZIO's last production, including but not limited to my October 12th letter.

Thanks,

James

**BRAGALONE CONROY PC**
James R. Perkins
214.785.6683

**From:** Charles Koole [mailto:ckoole@glaserweil.com]
**Sent:** Wednesday, January 11, 2017 9:23 PM
**To:** James Perkins <JPerkins@bcpc-law.com>
**Cc:** Terry Saad <tsaad@bcpc-law.com>; Patrick Conroy <pconroy@bcpc-law.com>; Pilar Kraman <PKraman@ycst.com>
**Subject:** RE: WiLAN v. VIZIO

James,

First, VIZIO does not dispute that parties are permitted to direct interrogatories to affirmative defenses; the issue is that the subparts of those interrogatories count towards the limit for interrogatories set by the Court. As of this date, the only case that Wi-LAN has cited as supporting

its position is the *Bujnicki* case, where the court did actually find that the requesting party exceeded the interrogatory limits, and then subsequently granted the plaintiff's request to exceed the interrogatory limit.  VIZIO has responded, or agreed to respond in accordance with the schedule, to the first 15 interrogatories or discreet subparts thereof in response to Wi-LAN's interrogatories 1-3. VIZIO continues to disagree with Plaintiff's position regarding this issue, and VIZIO will stand on its objections.

Second, VIZIO is continuing to gather documents and information, and will produce further documents by Friday, January 20.

Finally, with respect to Interrogatory No. 3, while VIZIO disagrees that Wi-LAN's infringement contentions are adequate or sufficient, VIZIO is working on supplementing this interrogatory, and currently plans to provide a supplemental response by Friday, January 27.

Thanks,
Charles

**From:** James Perkins [mailto:JPerkins@bcpc-law.com]
**Sent:** Tuesday, January 10, 2017 8:25 AM
**To:** Charles Koole
**Cc:** Terry Saad; Patrick Conroy; Pilar Kraman
**Subject:** RE: WiLAN v. VIZIO

Charles:

Plaintiff disagrees with VIZIO's view on the interrogatories for several reasons. First, obviously none of the cases you cite are from this Court, this District, or a District within the Third Circuit. Second, the principal case that VIZIO cites—the *Carpenter* case—relied on the *Bujnicki* case, which compelled the responding party to answer the interrogatory related to the affirmative defenses. *See Bujnicki v. Am. Paving and Exavating Inc.*, 2004 WL 1071736, at *9 (W.D.N.Y. Feb.25, 2004). And there are several cases permitting interrogatories directed to affirmative defenses.

Second, as detailed in VIZIO's responses, VIZIO set forth answers to the interrogatories (albeit, incomplete and insufficient answers) despite the supposed objections, thereby waiving any objections.

In addition, VIZIO represented on the parties' call months ago that it would be providing additional discovery, including, but not limited to, damages discovery. Please produce all of the requested information.

Further, VIZIO has not supplemented any discovery in months. For example, VIZIO promised to supplement its response to Interrogatory No. 3 "after Wi-LAN had provided sufficient and adequate infringement contentions." Over a month ago now, the Court concluded that WiLAN had provided sufficient PICs, but VIZIO has not supplemented its response to Interrogatory No. 3. Please

supplement your document production and answers to written discovery.

In the event that VIZIO refuses to comply with Plaintiff's requests, please let us know by tomorrow so that we can bring the matter to the attention of the Court.

Thank you.

James

**BRAGALONE CONROY** PC
James R. Perkins
214.785.6683

---

**From:** Charles Koole [mailto:ckoole@glaserweil.com]
**Sent:** Wednesday, December 21, 2016 8:00 PM
**To:** James Perkins <JPerkins@bcpc-law.com>
**Cc:** Terry Saad <tsaad@bcpc-law.com>; Patrick Conroy <pconroy@bcpc-law.com>; Pilar Kraman <PKraman@ycst.com>
**Subject:** RE: WiLAN v. VIZIO

James,

An example of case law supporting VIZIO's position was included in the responses themselves: *Carpenter v. Donegan,* 2012 WL 893472, at *3 (N.D.N.Y. Mar. 15, 2012) (citing *Bujnicki v. Am. Paving and Exavating Inc..,* 2004 WL 1071736, at *9 (W.D.N.Y. Feb. 25, 2004)) ("[S]ubparts of an interrogatory attempting to address twelve affirmative defenses are separate and distinct from the others.").  Here, Wi-LAN's first interrogatory seeks information about VIZIO's eleven affirmative defenses, each of which is a distinct field of inquiry, and thus, each is a separate interrogatory.  *See Banks v. Office of Senate Sergeant-at-Arms,* 222 F.R.D. 7, 10 (D.D.C. 2004).  If you have authority suggesting otherwise, please provide such authority.

Thanks,
Charles

---

**From:** James Perkins [mailto:JPerkins@bcpc-law.com]
**Sent:** Wednesday, December 21, 2016 7:56 AM
**To:** Charles Koole
**Cc:** Terry Saad; Patrick Conroy; Dan Liu
**Subject:** WiLAN v. VIZIO

Charles:

During the parties' last meet and confer, you suggested that there was some case law that allegedly supports VIZIO's refusal to provide a substantive response to Wi-LAN's interrogatories because "Wi-LAN has already exceeded the fifteen-individual-interrogatory limit set forth in this Case." We

requested that you provide us with that case law following the call, but we still haven't received it. Please send us that case law by the end of the day, as the parties are otherwise at an impasse regarding VIZIO's deficient interrogatory responses.

Thanks,

James



**BRAGALONE CONROY** PC
**James R. Perkins**

2200 Ross Ave., Suite 4500W
Chase Tower
Dallas, TX  75201
Main:    214.785.6670
Direct:  214.785.6683
Email:   jperkins@bcpc-law.com
Web:     www.bcpc-law.com

**NOTICE OF CONFIDENTIALITY:**
The information contained in and transmitted with this e-mail may be subject to the Attorney-Client and Attorney Work Product privileges, and is Confidential.  It is intended only for the individuals or entities designated as recipients above.  You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in or transmitted with this e-mail by anyone other than the above addressee is unauthorized and strictly prohibited.  If you have received this e-mail in error, please notify the sender immediately.  Please destroy any e-mail erroneously transmitted to you.